HOWARD HOLDERNESS (SBN 169814)
THOMAS R. GREEN (SBN 203480)
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA 94105
Tel: 415.442.1000; Fax: 415.442.1001
hholderness@morganlewis.com
tgreen@morganlewis.com

JOHN F. SCHULTZ (*PRO HAC VICE*)
BARRY L. McCOY (*PRO HAC VICE*)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
Tel: 215.963.5000; Fax: 215.963.5001
john.schultz@morganlewis.com
bmccoy@morganlewis.com

Attorneys for Defendant
HEWLETT-PACKARD COMPANY

ANTONIO VOZZOLO
FARUQI & FARUQI LLP
369 Lexington Ave., 10th Floor
New York, NY 10016
Tel: 212.983.9330; Fax: 212.983.9331
avozzolo@faruqilaw.com

JENELLE WELLING (SBN 209480)
CHARLES D. MARSHALL (SBN 23644)
GREEN WELLING LLP
595 Market Street, Suite 2750
San Francisco, CA 94105
Tel: 415.477.6700; Fax: 415.477.6710
cand.uscourts@classcounsel.com

Attorneys for Plaintiffs

*[Other Counsel for Plaintiffs Are Listed
On The Signature Page of Stipulation of Settlement]*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

*E-FILED - 10/31/07*

| | |
|---|---|
| In re: HP Power Plug and Graphic Card Litigation | Case No. 06-2254 (RMW)<br>Date: October 26, 2007<br>Time: 9:00 a.m.<br>Before: The Honorable Ronald M. Whyte |

**[~~PROPOSED~~] ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, PROVISIONALLY CERTIFYING A NATIONWIDE SETTLEMENT CLASS, APPROVING PROCEDURE FOR AND FORMS OF NOTICE, AND SCHEDULING FAIRNESS HEARING**

Upon review and consideration of the Stipulation of Settlement, and the attachments thereto which have been filed with the Court, and having been fully advised in the premises, it is HEREBY ORDERED, ADJUDGED and DECREED as follows:

1. The parties have agreed to settle this consolidated Action and related actions upon the terms and conditions set forth in the Stipulation of Settlement (the "Stipulation of Settlement"), which has been filed with the Court.

2. The Court has carefully reviewed the Stipulation of Settlement, as well as the files,

records, and proceedings to date in this matter. The definitions in the Stipulation of Settlement are hereby incorporated as though fully set forth in this Order, and capitalized terms shall have the meanings attributed to them in the Stipulation of Settlement.

3. Based upon preliminary examination, it appears to the Court that the Settlement substantially fulfills the purposes and objectives of this class action, and provides substantial relief to the Class without the risk, cost, or delay associated with continued litigation, trial, and/or appeal; the Stipulation of Settlement appears fair, reasonable, and adequate; the Class should be certified for settlement purposes, subject to Paragraph 16 below; and a Fairness Hearing should be held after notice to the Class to determine whether the Stipulation of Settlement is fair, reasonable, and adequate and whether a Final Order and Judgment should be entered in this action, based upon that Stipulation of Settlement.

4. The Stipulation of Settlement, including all exhibits thereto, is preliminarily approved as fair, reasonable, and adequate. The Court finds that: (a) the Stipulation of Settlement is the result of intensive, arms-length negotiations between experienced attorneys familiar with the legal and factual issues of this case; all Settlement Class Members are treated fairly under the Settlement;[1] (b) the provisions in the Settlement regarding payment of Class Counsel's attorneys' fees and costs appear reasonable under the circumstances; and (c) the Stipulation of Settlement is sufficient to warrant notice thereof to members of the Class and the Fairness Hearing described below.

5. The Court conditionally certifies, for settlement purposes only: (a) a class (the "Class") of all end-user purchasers in the United States who purchased or received as a gift either an Affected Power Connector Model (as defined in the Stipulation of Settlement) or an Affected Graphics Card Model (as defined in the Stipulation of Settlement); and (b) a "Three-Day Repair" subclass that: (i) purchased an Affected Graphics Card Model (as defined in the Stipulation of Settlement) and experienced a graphics card failure; (ii) also purchased a contract from HP

---

[1] In addition to being entitled to the same benefits as all Class Members, Class Representatives Michael Brothers, Gregory McDaniel, James Scripps, Allen Moser, Jr., Christopher Wu, Keaka Okada, and Robyn Greaves, will apply for incentive awards in the amount of $3,000.00 for their efforts on behalf of the Class in this litigation and in obtaining this settlement.

promising to pick up, repair and/or exchange, and return the Affected Graphics Card Model within three business days; and (iii) did not receive the repair and/or exchange within the promised three business day period. Excluded from the Class are those persons who have already received a "Rome Motherboard Repair" free of charge (as defined in the Stipulation of Settlement), except those persons who are part of the Three-Day Repair Subclass (as defined in the Stipulation of Settlement); those persons who have already received a "Power Connector Repair" free of charge (as defined in the Stipulation of Settlement); and all persons who are employees, directors, officers, or agents of HP or its subsidiaries and affiliated companies, as well as the Judges of the Court in which the Action is pending.

6.  In connection with the conditional certification, the Court makes the following preliminary findings pursuant to Rule 23 of the Federal Rules of Civil Procedure:

(a) The Class is so numerous that joinder of all members is impracticable;

(b) There are questions of law or fact common to the above-described Class;

(c) The claims of the named plaintiffs are typical of the claims being resolved through the proposed Settlement;

(d) The named plaintiffs are capable of fairly and adequately protecting the interests of the above-described Class in connection with the proposed Settlement;

(e) For purposes of determining whether the Settlement is fair, adequate, and reasonable, common questions of law and fact predominate over questions affecting only individual Class members. Accordingly, the Class is sufficiently cohesive to warrant adjudication through settlement by representation; and

(f) For purposes of Settlement, a settlement with the above-described Settlement Class is superior to other available methods for the fair and efficient resolution of the claims of the Class.

7.  In making the findings set forth in Paragraph 6, the Court has exercised its discretion in conditionally certifying the Class on a nationwide basis. Named plaintiffs Michael Brothers, Gregory McDaniel, James Scripps, Allen Moser, Jr., Christopher Wu, Keaka Okada, and Robyn Greaves are designated as Class Representatives.

8. The Court appoints Green Welling LLP and Faruqi & Faruqi, LLP as counsel for the Class. For purposes of these settlement approval proceedings, the Court finds that these law firms are competent and capable of exercising their responsibilities as Class Counsel.

9. A final approval hearing (the "Fairness Hearing") shall be held before this Court ninety (90) days after notice is sent in accordance with 28 U.S.C. § 1715(b), i.e., on January 25, 2008 at 9:00 a.m., to determine whether the Stipulation of Settlement is fair, reasonable, and adequate and should be approved. The Court shall also rule on Class Counsel's fee-and-expense application and plaintiffs' application for special awards (the "Fee Application") at that time. Papers in support of final approval of the Stipulation of Settlement and the Fee Application shall be filed with the Court according to the schedule set forth in Paragraph 14 below. The Fairness Hearing may be postponed, adjourned, or continued by order of the Court without further notice to the Class. After the Fairness Hearing, the Court may enter a Final Order and Judgment in accordance with the Stipulation of Settlement that will adjudicate the rights of the Class Members with respect to the claims being settled.

10. As soon as possible after the entry of this Order, Defendant shall cause a Notice of Pendency of Class Action and Proposed Settlement ("Notice") to be e-mailed to the e-mail addresses of Class members to the extent such address information exists in the databases referenced in the Stipulation of Settlement or, to the extent such e-mail information does not exist, by regular mail if a physical mailing address exists in those databases. Defendant shall also cause a Notice to be sent to the last known mailing address of any Class member for whom an e-mail "bounce back" is received, to the extent such mailing address information exists in the databases referenced in the Stipulation of Settlement. In the event there is no mailing address in those databases for a potential Class Member and an e-mail bounce back is received for that potential Class Member, HP will search its "iCare" database for an e-mail or mailing address and send a Notice to the last known e-mail or mailing address of that potential Class Member as the same is listed in iCare. The Notice shall be substantially in the form attached as Exhibit "B" to the Stipulation of Settlement. In addition, as soon as possible after entry of this Order, the Settlement Administrator will arrange for the publication of a Summary Notice substantially in

4                              Case No. 06-2254 (RMW)

the form of Exhibit "E" to the Stipulation of Settlement on one occasion in the following publications: USA Today and PC Magazine. Finally, the parties will post a copy of the Notice on a website to be maintained by the Settlement Administrator as referenced in the Stipulation of Settlement. The settlement website shall be accessible on or before the e-mailing described in this Paragraph and shall remain accessible until the expiration of the claims period.

11. The Court finds that the contents of the Notice and Summary Notice and the manner of their dissemination described in Paragraph 10 is the best practicable notice under the circumstances and is reasonably calculated, under all the circumstances, to apprise the Class members of the pendency of this action, the terms of the Settlement, and their right to object to the Settlement or exclude themselves from the Class. The Court further finds that the Notice and Summary Notice are reasonable, that they constitute due, adequate, and sufficient notice to all persons entitled to receive notice, and that they meet the requirements of due process. Finally, the Court finds that Class members will have until February 8, 2008 to submit their proofs of claim, which is due, adequate, and sufficient time.

12. Each Class member who wishes to be excluded from the Class and follows the procedures set forth in this Paragraph shall be excluded. Any potential member of the Class may mail a written request for exclusion, in the form specified in the Notice, to: Power Plug & Graphic Card Litigation Settlement Administrator, P.O. Box 1898, Fairbault, MN 55021-7153, postmarked no later than December 31, 2007. All persons or entities who properly make a request for exclusion from the Class shall not be Class members and shall have no rights with respect to the Stipulation of Settlement, should it be approved. The names of all such excluded individuals shall be attached as an exhibit to any Final Order and Judgment.

13. Any Class member who has not timely submitted a written request for exclusion from the Class, and thus is a Class member, may object to the fairness, reasonableness or adequacy of the Agreement, or the Fee Application, or both. Class members may do so either on their own or through counsel hired at their expense. Any Class member who wishes to object to the Stipulation of Settlement must, on or before December 31, 2007, file an objection with this Court. The objection must contain the following: (i) a notice of the objector's intention to appear

at the Fairness Hearing, if the objector so intends; (ii) the name and address of the objector and the objector's counsel (if the objector intends to appear through counsel); (iii) a statement of the basis for each objection asserted; (iv) documentary proof that the objector is a Class member; (v) any legal authorities that the objector wishes the Court to consider; (vi) a list of documents and things the objector wishes the Court to consider; (vii) a list of documents and things the objector may offer as evidence or exhibits; and (viii) the names and addresses of any witnesses the objector may call to testify and a summary of each such witness's expected testimony.  On or before that same date, any such objecting Class members shall serve a copy of such papers by first-class mail on each of the following counsel:

<u>For the Class:</u>

Chuck Marshall
Green Welling LLP
595 Market Street, Suite 2750
San Francisco, CA  94105

Antonio Vozzolo
Faruqi & Faruqi, LLP
369 Lexington Ave., 10th Floor
New York, NY 10017

Dana B. Rubin
Kamber & Associates, LLC
11 Broadway, 22nd Floor
New York, New York 10004

<u>For Defendant:</u>

John F. Schultz
Barry L. McCoy
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103

14. Papers in support of final approval of the Stipulation of Settlement and the Fee Application shall be filed with the Court on or before December 15, 2007.  Any responses to objections to the Stipulation of Settlement or the Fee Application, and any further papers in support of the Fee Application or final approval, shall be filed with the Court on or before January 18, 2008.

15. In summary, the dates of performance are as follows:

    (a) The Notices required to be sent to Class Members per the Stipulation of Settlement shall be sent as soon as possible after: (i) the entry of this Order and (ii) the receipt of any e-mail bounce backs;

    (b) The Summary Notice shall be published as soon as possible after entry of this Order;

    (c) Papers in support of final approval of the Stipulation of Settlement and the Fee Application shall be filed with the Court on or before **December 15, 2007**;

    (d) Class members who desire to be excluded shall mail requests for exclusion postmarked no later than **December 31, 2007**;

    (e) All objections to the Stipulation of Settlement or Fee Application shall be filed and served by **December 31, 2007**;

    (f) Papers in response to objections, if any, and in further support of the Fee Application shall be filed and served by **January 18, 2008**;

    (g) Supplemental papers, if any, in support of final approval, shall be filed and served by **January 18, 2008**; and

    (h) The Fairness Hearing shall be held on **January 25, 2008**, at 9:00 a.m.

16. In the event the Stipulation of Settlement is not approved by the Court, or for any reason the parties fail to obtain a Final Order and Judgment as contemplated in the Stipulation of Settlement, or the Stipulation of Settlement is terminated pursuant to its terms for any reason, then the following shall apply:

    (a) All orders and findings entered in connection with the Stipulation of Settlement shall become null and void and have no force and effect whatsoever, shall not be used or referred to for any purposes whatsoever, and shall not be admissible or discoverable in this or any other proceeding;

   (b) The conditional certification of a Nationwide Class pursuant to this Order shall be vacated automatically, the Actions shall proceed as though the Class had never been certified pursuant to this Stipulation of Settlement and such findings had never been made, and the Actions shall return to the procedural status quo before entry of the Preliminary Approval order and all of the consolidated actions shall be restored to the active docket in accordance with the Stipulation of Settlement;

   (c) Nothing contained in this Order is, or may be construed as, any admission or concession by or against the Defendant or Plaintiffs on any point of fact or law, including, but not limited to, factual or legal matters relating to any effort to certify this case as a class action;

   (d) Nothing in this Order or pertaining to the Stipulation of Settlement shall be used as evidence in any further proceeding in this case, including, but not limited to, motions or proceedings seeking treatment of this case as a class action; and

   (e) All of the Court's prior Orders having nothing whatsoever to do with class certification shall, subject to this Order, remain in force and effect.

  17. Pending final determination of whether the proposed Settlement should be approved, no Class member directly, derivatively, in a representative capacity, or in any other capacity, shall commence any action against any of the Released Parties in any court or tribunal asserting any of the Released Claims.

  18. The firm of Rust Consulting, Inc. is hereby appointed as Settlement Administrator for this Settlement and shall perform all of the duties of the Settlement Administrator set forth in the Stipulation of Settlement.

  19. Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the settlement that are not materially inconsistent with this Order or the Stipulation of Settlement, including making, without further approval of the Court, minor

1 | changes to the form or content of the Notice, Summary Notice, and other exhibits that they jointly
2 | agree are reasonable or necessary.
3 |     DONE this 31 day of October, 2007.

*Ronald M. Whyte*
Ronald M. Whyte
United States District Court Judge